CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 2 6 2018

JULIA C. DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JANICE S.,  )
            )
    Plaintiff,  )
            )  Civil Action No. 7:17cv00196
v.          )
            )
NANCY A. BERRYHILL,  )  By: Michael F. Urbanski
Commissioner of Social Security,  )  Chief United States District Judge
            )
    Defendant.  )

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on August 20, 2018, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Janice S. has filed objections to the report, and this matter is now ripe for the court's consideration.

I.

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with

sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622.

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id.

The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69,

2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert. denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Rehashing arguments raised before the magistrate judge does not comply with the requirement set forth in the Federal Rules of Civil Procedure to file specific objections. Indeed, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of her entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates her previously-raised arguments will not be given "the second bite at the apple she seeks;" instead, her re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

## II.[1]

Janice S. raised two arguments before the magistrate judge on summary judgment. In her objections to the report and recommendation, she takes issues with certain of the magistrate judge's findings as to each of these two arguments.

### A.

First, she argues the magistrate judge erred in finding she "has not presented any evidence showing that her tremors are severe or require accommodation in the [residual functional capacity] assessment." Pl.'s Obj., ECF No. 18, at 1. In his decision, the Administrative Law Judge (ALJ) found at step two of the sequential evaluation process[2] that plaintiff's tremors were a non-severe impairment, as they "cause no more than minimal vocationally relevant limitations, have not met the durational requirement, and/or are not fully supported by the medical evidence of record." Administrative Record, hereinafter "R." 16-17. The ALJ noted that plaintiff reported a tremor in her right upper extremity to her primary care provider in August 2015, and that treatment notes indicate the tremor "stopped when the claimant performed complex motor tasks on the opposite side." Id.

On summary judgment, Janice S. argued that the ALJ improperly evaluated her tremor, as treatment records document its existence and she alleged difficulty functioning as

---

[1] Detailed facts about Janice S.'s impairments and medical and procedural history can be found in the report and recommendation (ECF No. 17) and in the administrative transcript (ECF No. 8). As such, they will not be repeated here.
[2] See 20 C.F.R. § 404.1520(a)(4).

4

a result. Plaintiff specifically noted her struggles with buttoning and zipping clothing and with activities such as pouring coffee and performing household chores. Pl.'s Summ. J. Br., ECF No. 14, at 16-17. Plaintiff argues the ALJ's failure to find her tremor to be a severe impairment resulted in a failure to properly assess her functional capacity. Id. at 17.

There are few references in the record to Janice S.'s tremor. She first reported the tremor of her right hand to her primary care physician on August 11, 2015.[3] Treatment notes document a "persistent tremor of the R hand and tenderness over the posterior cervical spine." R. 509. Two days later, Janice S. presented to the neurosurgery clinic with complaints of pain and a tremor. Examination revealed "a fairly gross tremor" with right upper extremity at rest that "goes away holding arm out." R. 545. Plaintiff's motor strength was 5/5 and her coordination was noted to be "ok," however. R. 545. She was referred to neurology for an evaluation. On September 23, 2015, Janice S. presented to neurologist Joseph M. Ferrara, M.D. and reported a onset of a tremor six months earlier that "came on in a relatively sudden fashion. She believes it may be related to her neck problems and fibromyalgia." R. 559. Dr. Ferrara's notes document her report as follows:

> The hand, particularly the right hand shakes intermittently. It disrupts activities including fine motor activities but it also [is] shaky at rest. It does disrupt her sleep. She reports waking upon at night with the arm shaking. She does not trust herself lifting objects because of the tremor. She has dropped cups and dishware.

R. 559. Examination revealed normal bulk in all limbs as well as full strength. "Some giveway" was noted in the right upper extremity more so than on the left, "but on both sides

---

[3] In this Title II case, plaintiff alleges disability beginning February 13, 2013. Her date last insured is December 31, 2016. R. 14, 16.

5

to some degree likely related to pain." R. 561. Dr. Ferrara continued: "It should be noted that there was some giveway or mild weakness in the intrinsic hand muscles on the right side which may not be easily explained by pain, but there was not obvious neuromuscular weakness there. No atrophy." Id. Additionally, tone was normal in all limbs, without rigidity or spasticity, and there was normal amplitude in all limbs. Id. As regards the tremor, Dr. Ferrara observed:

> There was tremor seen today in the right upper extremity. The tremor appeared to be at rest, though she was often seen with her hand slightly elevated off of her lap, as if the hand was not completely at rest. It was seen to some extent while walking, but there was increased arm swing with it and the hand was held slightly abducted at that point. The tremor has features that would suggest a functional etiology. For example, it remitted during complex motor tasks using the opposite side. It also remitted during certain functional tasks with intense concentration.

R. 561. Dr. Ferrara concluded that this tremor is "more in line with a functional movement disorder" than a destructive disorder of the nervous system. R. 562. He also did not believe it was related to her neck problems. Id. He recommended no further testing or treatment at the time, stating that in some patients, this type of tremor "does eventually lessen." Id. Dr. Ferrara told Janice S. to follow up if new neurologic symptoms develop or her symptoms worsen or change. Id. Treatment notes from a follow up appointment with the neurosurgery clinic on October 29, 2015 document the tremor as they did in the August 13, 2015 notes, with an additional statement documenting that plaintiff had been seen by neurology and the tremor has a questionable etiology, "perhaps functional." R. 567. Examination was again reported to be normal, with 5/5 motor strength and normal coordination. Id.

6

Substantial evidence supports the ALJ's finding at step two that plaintiff's tremor is non-severe. A "severe impairment" is defined in the regulations as "any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c). A medically determinable impairment is not severe if it is only a "slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work." Evans v. Heckler, 734 F.2d 1012, 1014 (citation and emphasis omitted). There are four medical records over a span of less than three months that document this impairment. Three of those four records simply note her complaints and the existence of a tremor. The only evaluation of the impairment was performed by Dr. Ferrara, who observed full strength in the extremities, no obvious neuromuscular weakness, no atrophy, normal tone, and normal amplitude.[4] He recommended no treatment and instead took a wait-and-see approach, noting tremors of that particular sort can "eventually lessen." R. 562. Given the lack of objective medical evidence to indicate plaintiff's tremor causes more than a minimal effect on her ability to work, as well as the short duration of the impairment as documented in the records, the court finds no error in either the magistrate judge's or ALJ's analysis as to this issue.

**B.**

Janice S. also contends the magistrate judge erred in rejecting her argument that the ALJ failed to evaluate her subjective allegations properly. Plaintiff specifically takes issue with the magistrate judge's reliance on the fact that she declined a surgical procedure

---

[4] These findings are corroborated by the records from the neurosurgery clinic which noted normal coordination and full motor strength. R. 545, 567.

recommended by her treating neurologist, as evidence supporting the ALJ's credibility determination. Pl.'s Obj., ECF No. 18, at 2. But this was not the magistrate judge's only justification for recommending the ALJ's credibility assessment be affirmed. The magistrate judge set forth the correct legal standard and noted (as did the ALJ) that plaintiff was consistently found to have a full range of motion and normal strength in her upper extremities, that medication—specifically, Cymbalta—helped alleviate her pain, and that she was treated conservatively with medication and physical therapy. Report & Recommendation, ECF No. 17, at 11.

Plaintiff also objects to the magistrate judge's reliance on her reported daily activities as support for the ALJ's credibility determination, noting there are "difficulties and repercussions associated with her performance of such activities," that the ALJ failed to take into account. Pl.'s Obj., ECF No. 18, at 3. Janice S. points specifically to the fact that she needs to use a heating pad after performing household chores and that she has a hard time manipulating buttons on clothing and needs to use two hands to pour her coffee. Id. These are all arguments she previously raised on summary judgment, however, that were considered by the magistrate judge. See Pl.'s Summ. J. Br., ECF No. 14, at 12.

In any event, the court finds no error in the ALJ's assessment of plaintiff's credibility. In his detailed opinion, he took into account Janice S.'s subjective complaints, including her statement that "driving and household chores are difficult," R. 19, and found that in spite of that difficulty, she is still able to perform certain activities of daily living. In finding that plaintiff's statements as to the degree of her limitation are not entirely credible, the ALJ thoroughly reviewed the evidence of record, noting her treatment history, the generally

unremarkable physical examinations, and her reports that her symptoms improved with medication and conservative treatment. Having reviewed the entire record in this case, the court finds no reason to disturb the ALJ's credibility determination.

### III.

It is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet her burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

For the reasons stated, the court finds no error in the magistrate judge's conclusion that the ALJ's decision is supported by substantial evidence. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered.

Entered: 09/26/2018

/s/ Michael F. Urbanski

Michael F. Urbanski
Chief United States District Judge